UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDRE DOW,

                Petitioner,

v.

STATE OF NEVADA,

                Respondents.

Case No. 3:23-cv-00529-ART-CLB

ORDER

        Petitioner Andre Dow, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Dow's Motion for Appointment of Counsel (ECF No. 3) and Application to Proceed *in forma pauperis* (ECF No. 4).

        Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

        Dow challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Dow*, Case No. 05C216498-2.[2] On October 2008, the state court entered a judgment of

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth

1

conviction for 2 counts of first-degree murder with use of a deadly weapon and one count of conspiracy to commit murder. The state court sentenced Dow to life without the possibility of parole. On May 26, 2010, the Nevada Supreme Court affirmed the judgment of conviction on direct appeal.

In April 2015, Dow filed an untimely state habeas petition. Dow asserted good cause and prejudice to excuse procedural default and also argued that he was actually innocent. The Nevada Supreme Court reversed and remanded finding that state district court should conduct an evidentiary hearing to assess Dow's claim of attorney abandonment and whether he can demonstrate cause to excuse the delay. After an evidentiary hearing, the state district court concluded that Dow demonstrated that he was abandoned by counsel and that he filed his petition within a reasonable time of learning that a petition had not been filed. The state district court denied his state petition because he could not demonstrate undue prejudice stemming from his underlying claims. The Nevada Court of Appeals affirmed the denial of relief on appeal.

In December 2021, Dow filed another state habeas petition and the state district court denied relief. *Dow v. State of Nevada*, Case No. A-21-845743-W. His appeal appears to remain pending before the state appellate court.

On October 31, 2023, Dow filed his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court considered Dow's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application (ECF No. 4) will therefore be granted.

Turning to Dow's motion for appointment of counsel (ECF No. 3) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan,* 784 F.3d 640, 642

---

Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

(9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Dow is serving a lengthy sentence. His petition may raise relatively complex issues, including whether his petition is time-barred, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Dow's motion for appointment of counsel is granted.

**IT THEREFORE IS ORDERED:**

1. Petitioner Andre Dow's Application to Proceed *in forma pauperis* (ECF No. 4) is granted.
2. Petitioner's Motion for Appointment of Counsel (ECF No. 3) is granted.
3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

       The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court will file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

       DATED THIS 30th day of November 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4