1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDRE DOW,

                                    Petitioner,

    v.

STATE OF NEVADA,

                                    Respondents.

Case No. 3:23-cv-00529-ART-CLB

ORDER

10    Petitioner Andre Dow, a *pro se* Nevada prisoner, commenced this habeas
11 action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas
12 matter is before the Court for consideration of Dow's motion for discovery (ECF
13 No. 16). Respondents filed their response (ECF No. 20) and Dow replied (ECF No.
14 25). Following substitution of Dow's counsel, he filed a supplement (ECF No. 33).[1]
15 Also before the Court is Dow's motion to seal (ECF No. 16) and motion to extend
16 time (ECF No. 32).

17    **I.    BACKGROUND**

18    Dow challenges a conviction and sentence imposed by the Eighth Judicial
19 District Court for Clark County. In October 2008, the state court entered a
20 judgment of conviction for 2 counts of first-degree murder with use of a deadly
21 weapon and one count of conspiracy to commit murder. The state court
22 sentenced Dow to life without the possibility of parole. On May 26, 2010, the

23
24
25
26
27
28

---

[1] The Federal Rules of Civil Procedure and Local Rule 72 allow a motion, a response, and a reply. Supplemental filings and "surreplies" (*i.e.*, a second opposition) are expressly prohibited without leave of court and "motions for leave to file a surreply are discouraged." LR 7-2(b).

Petitioner may not file separate motions and separate memoranda or supplements in a never-ending attempt to have the last word on motions before the Court. Petitioner has not moved this Court for, nor has the Court granted, leave to file a supplement. Accordingly, Petitioner's supplemental filing (ECF No. 33) shall be stricken from the record.

Nevada Supreme Court affirmed the judgment of conviction on direct appeal.

In April 2015, Dow filed an untimely state habeas petition. Dow asserted good cause and prejudice to excuse procedural default and also argued that he was actually innocent. The Nevada Supreme Court reversed and remanded finding that state district court should conduct an evidentiary hearing to assess Dow's claim of attorney abandonment and whether he can demonstrate cause to excuse the delay. After an evidentiary hearing, the state district court concluded that Dow demonstrated that he was abandoned by counsel and that he filed his petition within a reasonable time of learning that a petition had not been filed. The state district court denied his state petition because he could not demonstrate undue prejudice stemming from his underlying claims. The Nevada Court of Appeals affirmed the denial of relief on appeal.

In December 2021, Dow filed another state habeas petition and the state district court denied relief. On October 31, 2023, Dow filed his federal petition for writ of habeas corpus. ECF No. 1-1. Following appointment of counsel, Dow filed a first amended protective petition. ECF No. 15. The Court granted Dow leave to file a second amended petition, which has not yet been filed. ECF No. 27.

Dow raises two claims under *Brady v. Maryland*, 373 U.S. 83 (1963). In Grounds 25-28, he asserts that the State failed to disclose impeachment information related to Antione Cantrell ("Cantrell"), a witness for the State. In Ground 34, he asserts that the State failed to disclose impeachment information involving San Francisco Police Department Inspector Robert McMillan ("McMillan"). In Ground 8, he asserts counsel rendered ineffective assistance for failure to investigate the murder of Lee Denae Laursen ("Laursen"). Through his instant motion for discovery, Dow requests leave to conduct discovery to obtain (1) any records, documents, and other information discoverable under *Brady* related to Cantrell, (2) any records, documents, and other information discoverable under *Brady* related to McMillan, including a copy of his personnel

file, (3) any records, documents, and other information discoverable under *Brady* related to Lee Denae Laurson, and (4) any records, documents, and other information disclosed by the State to Dow's trial counsel.

## II.     GOVERNING LAW

Discovery in habeas matters is governed by Rule 6(a) of the Rules Governing Section 2254 Cases, which provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether a petitioner has established "good cause" for discovery, the Court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997); *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018). Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations in existing claims. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1990) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'").

## III.     DISCUSSION

Respondents oppose Dow's motion for discovery, arguing that Dow fails to establish good cause because (1) Dow's discovery requests are premature because Dow intends to, but has yet to file his second amended petition, (2) Grounds 17 and 24-27 are likely procedurally defaulted, and (3) the evidence Dow seeks will not be admissible under 28 U.S.C. § 2254(e)(2). Dow rebuts that his discovery requests relate to claims for relief asserted in his first amended petition, which negates the need for his second amended petition to be filed before the motion for discovery. He further asserts that Respondents' arguments related to procedural

default and admissibility are themselves premature as the Court considers "specific allegations" that are "before the court" when analyzing whether there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908–09.

As Dow asserts, he needs to obtain materials disclosed to the defense to show that his trial counsel was ineffective for not investigating Cantrell or Laursen's murder and that the requested discovery is sought to support *Brady*-related claims. In addition, the Court does not make a determination at this time as to every potential procedural issue, as granting discovery may more fully inform its consideration of at least some of the issues later in the case, or the Court's ability to consider the evidence sought on merits review. Moreover, the Court does not make any comment regarding the viability or merit of any of Dow's claims. When the Court reaches merits review, it will address to what extent 28 U.S.C. § 2254(e)(2) limits the evidence that this Court considers. The Court finds that Dow has established good cause and grants his motion for discovery.

The Court therefore grants Dow leave to issue subpoenas to (1) any relevant persons or entities, including the United States Attorney's Office for the Northern District of California, the Federal Bureau of Investigation, the Fairfield, California Police Department, and any related persons entities, or departments for any and all records, documents, and other information discoverable under *Brady v. Maryland* regarding Antoine Cantrell; (2) to any relevant persons or entities, including the San Francisco Police Department, the San Francisco District Attorney's Office, and any related persons, entities, or departments for (a) any and all records, documents, and other information discoverable under *Brady* regarding Inspector Robert McMillan, and (b) a complete copy of the personnel file for Inspector Robert McMillan; (3) to any relevant persons or entities, including the Fairfield, California Police Department, the Vallejo, California Police Department, and any related persons, entities or departments for any and all

records, documents, and other information discoverable under *Brady* regarding the death of Lee Denae Laursen; and (4) to any relevant persons or entities, including the Clark County District Attorney's Office, and any related persons, entities, or departments for any and all records, documents, and other information disclosed by the State to Dow's trial counsel in connection with the underlying criminal case.

## IV.    MOTION TO SEAL

Dow seeks leave to file under seal a transcript of a pretrial deposition (ECF No. 17) that was filed under seal in state court: Exhibit BJ (ECF No. 18), dated August 28, 2007.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, the motion (ECF No. 17) is granted, and Exhibit BJ (ECF No. 18) is considered properly filed under seal.

## V.    MOTION TO EXTEND

Dow seeks an enlargement of time to file his second amended petition. ECF No. 32. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion. Dow has until September 29, 2025, to file his second amended petition.

## VI.    CONCLUSION

**IT THEREFORE IS ORDERED:**

1. Petitioner Andre Dow's Motion for Discovery (ECF No. 16) is granted. Dow must file a status report on the earlier of completion of discovery or within 90 days.

2. Petitioner's Motion to Seal (ECF No. 17) is granted. ECF No. 18 is considered properly filed under seal.

3. Petitioner's Motion to Extend (ECF No. 32) is granted. Dow has until September 29, 2025, to file his second amended petition.

DATED THIS 25th day of April, 2025.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE