UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE DOW, | Case No. 3:23-cv-00529-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondents. | |

Petitioner Andre Dow, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for consideration of Dow's Motions to Compel (ECF Nos. 47, 53) and Motion to Seal (ECF No. 63) as well as Dow and Respondent Federal Bureau of Investigation's Stipulation regarding Dow's Motion to Compel (ECF No. 67).

## I.   MOTION TO COMPEL

### a. Background

Dow challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In October 2008, the state court entered a judgment of conviction for 2 counts of first-degree murder with use of a deadly weapon and one count of conspiracy to commit murder. The state court sentenced Dow to life without the possibility of parole. On May 26, 2010, the Nevada Supreme Court affirmed the judgment of conviction on direct appeal.

In April 2015, Dow filed an untimely state habeas petition. Dow asserted good cause and prejudice to excuse procedural default and also argued that he was actually innocent. The Nevada Supreme Court reversed and remanded finding that state district court should conduct an evidentiary hearing to assess Dow's claim of attorney abandonment and whether he can demonstrate cause to

excuse the delay. After an evidentiary hearing, the state district court concluded that Dow demonstrated that he was abandoned by counsel and that he filed his petition within a reasonable time of learning that a petition had not been filed. The state district court denied his state petition because he could not demonstrate undue prejudice stemming from his underlying claims. The Nevada Court of Appeals affirmed the denial of relief on appeal.

In December 2021, Dow filed another state habeas petition, and the state district court denied relief. On October 31, 2023, Dow filed his federal petition for writ of habeas corpus. ECF No. 1-1. Following appointment of counsel, Dow filed a first amended protective petition. ECF No. 15. The Court granted Dow leave to file a second amended petition, which has not yet been filed. ECF No. 27.

Dow raises two claims under *Brady v. Maryland*, 373 U.S. 83 (1963). In Grounds 25-28, he asserts that the State failed to disclose impeachment information related to Antione Cantrell[1] ("Cantrell"), a witness for the State. In Ground 34, he asserts that the State failed to disclose impeachment information involving San Francisco Police Department Inspector Robert McMillan ("McMillan"). In Ground 8, he asserts counsel rendered ineffective assistance for failure to investigate the murder of Lee Denae Laursen ("Laursen").

The Court granted Dow's requests to conduct discovery to obtain (1) any records, documents, and other information discoverable under *Brady* related to Cantrell, (2) any records, documents, and other information discoverable under *Brady* related to McMillan, including a copy of his personnel file, (3) any records, documents, and other information discoverable under *Brady* related to Lee Denae Laurson, and (4) any records, documents, and other information disclosed by the State to Dow's trial counsel.

The Court granted Dow leave to issue subpoenas, in relevant part, to (1)

---

[1] The Northern District of California's U.S. Attorney's Office (NDCA USAO) refers to Cantrell as Antoine Mouton ("Mouton").

2

any relevant persons or entities, including the United States Attorney's Office for the Northern District of California … for any and all records, documents, and other information discoverable under *Brady v. Maryland* regarding Antoine Cantrell; … (3) to any relevant persons or entities, including the Fairfield, California Police Department, the Vallejo, California Police Department, and any related persons, entities or departments for any and all records, documents, and other information discoverable under *Brady* regarding the death of Lee Denae Laursen... ECF No. 35.

In May 2025, Dow issued a subpoena duces tecum via email to the NDCA USAO requesting documents regarding the 2006 prosecution of Cantrell. The NDCA USAO responded to the subpoena by raising objections, including that the place of production was inappropriate because it was over 100 miles from the USAO under Fed. R. Civ. P. 45 and that the subpoena sought documents that the District Court of California ordered sealed. The NDCA USAO also produced responsive documents, including Cantrell's plea agreement.

Dow requests an order directing the NDCA USAO to comply with this Court's previous order, suggesting that this Court can determine *in camera* whether documents must remain under seal. The NDCA USAO argues that pursuant to Fed. R. Civ. P. 45, any motion to compel must be brought in the Northern District of California because that is where the documents are located. The NDCA USAO further argues that the District Court of the Northern District of California has the authority to unseal documents that it originally ordered sealed. In addition, the NDCA USAO is not in possession of the vast majority of documents.

**b. Discussion**

The Federal Rules of Civil Procedure allow for the issuance of a subpoena to produce documents but limits those subpoenas to commanding production "at a place within 100 miles" of the subpoenaed non-party. *See* Fed. R Civ. P.

45(c)(2)(A). *See also Europlay Cap. Advisors, LLC v. Does,* 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("Rule 45 further requires that the place of compliance for the 'production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'"); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, (D. Nev. Aug. 15, 2014) ("The text of the Rule [45] does not provide for an alternative basis for the Court to find that the place of compliance is not tethered to the subpoenaed person's location, but rather could be found to be some other district ... where the subpoenaed party with possession of the documents is required to comply."). Further, Rule 45(g) of the Federal Rules of Civil Procedure requires a motion regarding non-compliance with a subpoena to be filed with "the court for the district where compliance is required." Fed. R. Civ. P. 45(g).

Because Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed entity, this Court does not have jurisdiction to hear the instant motion. The place where compliance is required is the Northern District of California, and not this district. The Court further declines Dow's suggestion to review documents *in camera* to determine whether they should remain under seal. "Plaintiffs cannot use one district court judge to overrule an order of a different district court judge." *Prosser v. Shappert*, No. 23-2072, 2025 WL 215518, at *2 (3d Cir. Jan. 16, 2025). If "Plaintiffs do not like the ruling" of another district court, "they may appeal the decision." *Id.*; *cf. Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[T]he court responsible for the original protective order decides whether [to] modif[y] the order ...."). The Court denies Dow's motion to compel.

## II.    STIPULUATION REGARDING MOTION TO COMPEL (ECF No. 53)

Dow and Respondents Federal Bureau of investigation represent that they have been able to reach a resolution regarding Dow's motion to compel and that

the Court need not entered a ruling regarding his motion to compel. ECF No. 53. As such, the Court denies Dow's motion to compel as moot.

### III.   MOTION TO SEAL

Dow seeks leave to file under seal Cantrell's Plea Agreement (ECF No. 63) that was filed under seal in his federal case: Exhibit 474 (ECF No. 63-1), dated July 27, 2006.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect individual's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, the motion (ECF No. 63) is granted, and Exhibit 474 (ECF No. 63-1) is considered properly filed under seal.

### IV.   CONCLUSION

**IT THEREFORE IS ORDERED:**

1. Petitioner Andre Dow's Motion to Compel (ECF No. 47) is denied.

2. Petitioner's Motion to Compel (ECF No. 53) is denied as moot.

3. Petitioner's Motion to Seal (ECF No. 63) is granted. Exhibit 474 is considered properly filed under seal.

DATED THIS 23rd day of March, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE